**Oscar HAYES, Sr., et al., Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. No. 1642–63.**

United States District Court
District of Columbia.

Oct. 7, 1965.

John J. Spriggs, Washington, D. C., for plaintiffs.

John C. Conliff, U. S. Atty., and Robert B. Norris, Asst. U. S. Atty., Washington, D. C., and Thomas J. Ahern, Jr., Washington, D. C., for defendant.

HOLTZOFF, District Judge.

This is an action brought against the United States under the Federal Tort Claims Act, as a result of personal injuries sustained by two minor children who are suing by their father as next friend.

The Government had constructed and was maintaining and operating a housing project in Southeast Washington. The project consisted of over 150 apartments, surrounded by suitable areas for access and egress, as well as for play yards for children, and a drying area for clothes and the like. On the grounds there was a wall built of cinder blocks to screen off the area where clothes were dried, because that area would naturally be unsightly. The plaintiff children, together with some other children, were playing on top of this wall. The wall collapsed as a result of matters that will be recounted in greater detail, and the two children who are plaintiffs in this action were injured.

One of the children was injured very severely. Her foot, according to the pretrial order, was almost entirely cut off and was left hanging by a mere piece of flesh. Fortunately, at the public city hospital known as D. C. General Hospital, she received such splendid care and the surgeons did such excellent work that her foot was completely restored to her leg, leaving only some loss of motion and other residual effects. Naturally, when a child is hurt so badly the matter tugs at one's heart strings. Going to the facts, however, the question arises as to whether there is any responsibility or liability on the part of the defendant for this unfortunate accident.

The facts are not substantially in dispute and the Court finds them to be as follows. As heretofore stated, there was what is called a *drying area* on the grounds of this project where clotheslines were stretched. That drying area was surrounded and enclosed. On one side facing the street was a wall; the other sides were enclosed by chain link fences. There was a gate in one of the fences through which persons could gain admittance to the enclosed area. The wall was built of cinder blocks laid horizontally so that one could see through the holes in the cinder blocks.

The two plaintiff children lived on neighboring property and were invited by some of their playmates, who lived in an apartment in this project, to join them and play in the yard. The children all gained admittance to the drying area through the gate. Some of them were boys who went to another part of the grounds which had been arranged as a play yard for little children. They procured slats from benches that were erected in this play yard, which was about 125 feet away from the drying area. These benches were made of concrete, and the wooden slats were bolted to the concrete. Yet the boys were able to secure several slats from these benches. They carried the slats to the drying area, inserted them into the apertures in the cinder blocks and used them as a seesaw or swing, one child swinging at each end of the seesaw. As a result of this activity the wall began to totter. The two little girls, who are plaintiffs in this action, were at that time sitting on top of the wall. They jumped and one of them was injured by a falling cinder block while the upper part of the wall was collapsing. The other sustained very slight injury.

The pretrial order specifies certain acts of negligence with which the plaintiffs charge the defendant. The Court was surprised that not a scintilla of evidence was introduced in the plaintiff's case in support of these charges of negligence. The Court ruled, however, that in view of the fact that the wall partially collapsed, the plaintiffs were entitled to rely on the principle of *res ipsa loquitur* and that therefore there was a burden on the defendant to go forward with the evidence, although naturally the over-all burden of proof remained with the plaintiffs.

The defendant called the project superintendent, who represented the architects and the government agency that erected the project and who supervised the construction. He described in detail the manner in which the wall was erected. He testified that first there was an excavation of two feet six inches in depth. A concrete footing was laid into the excavation. The concrete was reinforced with steel wire or iron bars, which ran the length of the footing. Then two layers of

solid cinder blocks were placed on top of the footing. All this was under the ground. Vertical steel bars were erected at specified intervals. Cinder blocks were then laid in rows and were fastened with mortar according to the specifications, and reinforcing steel wire was laid horizontally through the mortar after every two layers of blocks. The testimony is to the effect that these specifications were approved by the Building Inspection Department of the District of Columbia Government and that the specifications were followed by the contractor.

There is no evidence whatever to the effect that there was anything improper or unsafe in a construction of this type. The purpose of this wall was an ornamental one, to act as a screen, and not to carry any stresses or strains or to serve as a retaining wall. The Court, therefore, concludes that there was no showing of negligence in the construction of this wall; but that, on the contrary, the evidence affirmatively establishes that the wall was properly constructed for the purpose for which it was intended.

The question then arises whether there is any basis for invoking the doctrine of attractive nuisance. The doctrine of attractive nuisance has had a varied career in the District of Columbia. At one time it was in full force and effect, at another time it was narrowed, and then later it was revived and is now part of the District of Columbia law. This matter is discussed in detail in an opinion of this Court in the case of McGettigan v. National Bank of Washington, D. C., 199 F.Supp. 133, which was reversed on another point in 115 U.S. App.D.C. 384, 320 F.2d 703. The doctrine of attractive nuisance is, however, limited to a situation in which a structure or an object is involved that is dangerous or attractive to children and the situation was one in which the danger to children could have been prevented by some action on the part of the defendant. For example, in the so-called turntable cases, which originated the doctrine of attractive nuisance, it was not the turntable that was the nuisance. It was the fact that the railroad company had failed to lock the turntable that made it a nuisance.

In this instance the wall is obviously not an attractive nuisance. It was erected for the benefit of the tenants in order to make their homes more attractive in appearance. The benches manifestly are not an attractive nuisance. The fact that some children were so destructive as to wrench or obtain slats from the concrete benches and then carry them 125 feet and use them as a seesaw in this wall, could hardly have been foreseen by anyone in charge of the premises.

The question also arises whether these children had a right to be on these premises. I am assuming that they had, and am giving the plaintiffs the benefit of the doubt on that score. In the leading case of Firfer v. United States, 93 U.S. App.D.C. 216, 208 F.2d 524, the Court distinguished between invitees, licensees by invitation, and bare licensees. Obviously these children were not invitees because the Court points out in the Firfer case that a person is an invitee only if he goes on the premises to carry on some commercial or other transaction for the benefit or partial benefit not only of himself but also of an occupant of the premises. The Court is inclined to the view that these children were more than bare licensees, but were licensees by invitation, in that they were invited to the premises by children of tenants. However, in going into the fenced-off drying area there is a serious question whether they did not become bare licensees. But assuming that they were licensees by invitation, their rights are not enhanced by that circumstance because it has been shown affirmatively that there was no negligence in the construction of the wall and that neither the wall nor the benches, nor the entire area, constituted an attractive nuisance.

In view of these circumstances the Court concludes that there is no liability

on the part of the United States and the complaint is dismissed on the merits.

A transcript of this oral decision will constitute the findings of fact and conclusions of law.

Judgment will be rendered for the defendants.